IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sean Hannan, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-2824 |
| | ) | |
| v. | ) | |
| | ) | |
| Arctic Glacier USA, Inc., | ) | |
| | ) | |
| | **)** | |
| Defendant. | **)** | |

**COMPLAINT**

Now comes Plaintiff, Sean Hannan, by and through counsel, and complains against Defendant, Arctic Glacier USA, Inc., as follows:

**Jurisdiction, Venue and Parties**

1. This action is brought under Title 1 of the Americans with Disabilities Act Amendments Act (ADAAA) of 2008, codified at 42 U.S. Code § 12101, et seq. and the Family and Medical Leave Act of 1993, codified at 29 U.S. Code § 2601, et seq.

2. Accordingly, this Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 (federal question).

3. This Court has jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's Illinois Human Rights Act claims because those claims are so related to the federal ADA claims that they form part of the same case or controversy under Article III of the United States Constitution (supplemental jurisdiction).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District (including in Lyons, IL and University Park, IL).

5. Defendant, Arctic Glacier USA Inc. (hereinafter referred to as "Arctic Glacier" or "Arctic") is a Delaware corporation.

6. Arctic Glacier is a manufacturer and direct-to-store distributor of packaged ice, ice equipment and related services.

7. Arctic Glacier is headquartered in Bala Cynwyd, Pennsylvania.

8. Artic Glacier does business in Illinois.

9. Plaintiff, Sean Hannan, was an employee of Defendant[1] from June 2016 to September 26, 2020. In his time with the company, his job titles included Driver, Loader, Assistant Distribution Manager and Distribution Manager.

**Facts**

10. On May 1, 2019, Sean was promoted from Loader to Assistant Distribution Manager.

11. While Sean was Assistant Distribution Manager, there was no Distribution Manager.

12. April 1, 2020, Sean was officially promoted to Distribution Manager.

13. In April 2020, Sean underwent surgery for testicular cancer.

14. In early May 2020, Sean underwent chemotherapy treatment for testicular cancer.

15. In late May 2020, Arctic Glacier hired an Assistant Distribution Manager, Cody Calvin (underneath Sean).

16. On July 6, 2020, two members of Arctic Glacier management and one HR person summoned Sean to a meeting and told him they thought he needed time off due to his upcoming cancer treatment and told him to apply for FMLA.

17. Sean applied for FMLA.

18. Arctic Glacier told him that he was approved to take FMLA leave through Sep. 28, 2020.

19. On September 24, 2020, Sean called his boss (Michael Springsteen) to ask about next steps for returning to work.

20. On September 26, 2020, Springsteen called Sean back and told him that Arctic had "eliminated his role."

---

[1] He was first hired by "Tinley Ice," which was bought by Arctic Glacier, USA Inc. in June 2017.

2

21. After this, Cody Calvin became Distribution Manager, or at least, did that job, (even if he was not given that exact title).

### Count 1: ADA

22. Plaintiff re-states paragraphs 1-21 as if re-typed here.

23. Sean Hannan was protected by the ADA as of September 26, 2020 (when he was told he was fired) because he was "an individual with a disability" in that:

   a. He had physical impairments that had arisen from having testicular cancer (and its treatment) that had, at their worst, substantially limited one or more major life activities (including but not limited to standing, walking, bending, squatting, lifting, and self-care);

   b. He had a record of such impairments; and/or

   c. His employer regarded him as having such impairments.

24. As of September 26, 2020, Sean Hannan was "qualified": he satisfied the requisite skill, experience, education and other job-related requirements of the position he held, and he could perform the essential functions of his position, with or without reasonable accommodation.

25. Arctic chose to terminate Sean Hannan (and replace him with non-disabled Cody Calvin) because of his disability, his record thereof, or Arctic's perception that he was disabled..

26. This behavior violates the ADA.

27. Sean Hannan exhausted his administrative remedies under the ADA: he filed an IDHR charge which was cross-filed at the EEOC; the IDHR issued notice of opt out and right to commence a civil action on February 25, 2021; he shared that dismissal with the EEOC; he received a Notice of Right to Sue from the EEOC on or around April 14, 2021; and is filing this lawsuit within 90 days thereof.

WHEREFORE, Plaintiff, Sean Hannan, requests that Defendant, Arctic Glacier USA, Inc., be held liable for violating the ADA and that he be awarded all damages to which he is entitled, including but not limited to:

   a) Backpay and benefits;

      b) Prejudgment interest on the above;
      c) Reinstatement or front pay;
      d) A tax offset payment;
      e) Compensatory damages;
      f) Punitive damages
      g) Attorney's fees;
      h) Expenses (including expert expenses);
      i) Costs; and
      j) Any other relief that the court finds available and appropriate.

## Count 2: Illinois Human Right Act

28.    Plaintiff re-states paragraphs 1-27 as if re-typed here.

29.    Arctic Glacier's actions which violate the ADA also violate the Illinois Human Rights Act.

30.    Sean Hannan exhausted his administrative remedies under the Illinois Human Rights Act: he filed a charge of discrimination at the IDHR; the IDHR issued notice of opt out and right to commence a civil action on February 25, 2021; and Plaintiff is filing this action with 95 days thereof.

WHEREFORE, Plaintiff, Sean Hannan, requests that Defendant, Arctic Glacier USA, Inc., be found liable for violating the IHRA, and that he be awarded all damages to which he is entitled including but not limited to:

      a) Actual damages;
      b) Backpay;
      c) Reinstatement or front pay;
      d) Fringe benefits;
      e) Prejudgment interest;
      f) Punitive damages;
      g) Attorney's fees;
      h) Expert witness fees;
      i) Costs;
      j) Any other relief required to make him whole including compensation for lost earning power and a tax offset payment; and
      k) Any other relief that the court finds available and appropriate.

### Count 3: Family and Medical Leave Act

31. Plaintiff re-states paragraphs 1-21 as if re-typed here.

32. The FMLA provides eligible employees suffering from a serious health condition with twelve weeks of protected leave during any twelve-month period.

33. Sean Hannan was eligible for FMLA because he had worked for Arctic for (more than) twelve months and had worked at least 1,250 hours over the immediately preceding 12-month period.

34. Arctic was bound by the FMLA because it was engaged in commerce and employed 50 or more employees within 75 miles of Sean Hannan's worksites for each working day during each of 20 or more calendar weeks in 2018 and 2019.

35. Sean Hannan was entitled to take FMLA because he had a serious health condition (as described in Count 1 above) that made him unable to perform the functions of his position, for 12 weeks.

36. Under the FMLA, when an employee returns from FMLA leave, he must be restored to the same job or to an "equivalent job."

37. It is unlawful for an employer to interfere with, restrain or deny the exercise of any right created by the FMLA.

38. Arctic violated the FMLA when it failed to restore Sean Hannan to his same (or equivalent) job at the end of his 12 weeks of leave.

39. It is also unlawful for an employer to retaliate against an employee for exercising his FMLA rights.

40. Arctic fired Hannan in retaliation for his having taken FMLA leave.

WHEREFORE, Plaintiff, Sean Hannan, requests that Defendant, Arctic Glacier USA, Inc. be held liable for violating the FMLA and that he be awarded all damages to which he is entitled, including but not limited to:

    a. Any wages, salary, employment benefits or other compensation denied him or that he lost by reason of the violations;
    b. Prejudgment interest on the above;
    c. Liquidated damages equal to the above, plus prejudgment interest on those amounts;
    d. Equitable relief, including reinstatement or front pay;

  e. Reasonable attorney's fees;
  f. Reasonable expert witness fees;
  g. Other costs of this action; and
  h. Any other relief that the court finds available and appropriate.

## **Jury Demand**

41. Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Submitted by:

/s/ Julie Herrera
Law Office of Julie O. Herrera
53 W. Jackson Blvd., Ste. 1615
Chicago, IL 60604
Phone: 312-479-3014
Fax: 708-843-5802
jherrera@julieherreralaw.com

Dated: 5/26/21